**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW HAMPSHIRE
WARREN B. RUDMAN U.S. COURTHOUSE
55 PLEASANT STREET, ROOM 110
CONCORD, NEW HAMPSHIRE 03301-3941

FILED
IN CLERKS OFFICE

2004 DEC -8  A 11: 48

U.S. DISTRICT COURT
DISTRICT OF N.H.

OFFICE OF THE CLERK
James R. Starr
Clerk of Court

Telephone
603-225-1423

December 3, 2004

Clerk
U.S. District Court
Donahue Federal Building
595 Main St.
Worcester, MA 01608

04-40252 FDS

Re:   NH Case No.:   C.04-451-JM, Peterborough Oil Company v. Great American Insurance

The above case has been transferred to your jurisdiction pursuant to a Transfer of Jurisdiction.

We enclose the following items:

  certified copy of the docket sheet
  original file documents 1-5

Please acknowledge receipt on the copy of this letter provided and return in the reply envelope enclosed.

Very truly yours,

James R. Starr, Clerk

By: *Janice G. Bushold*

Janice G. Bushold
Deputy Clerk

Enclosures

cc:   Barry Bachrach, Esq.
      Martin Rooney, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

CIVIL ACTION NO.

| PETERBOROUGH OIL COMPANY, INC., et al., |
| Plaintiffs |
| v. |
| GREAT AMERICAN INSURANCE COMPANY, |
| Defendant |

C 04-451-JM

04-40252 FDS

## NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE:

This Notice of Removal by Defendant Great American Insurance Company is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, the Defendant states as follows:

1. On or about November 9, 2004, a Summons and Complaint were filed against Great American Insurance Company in the Worcester Superior Court of the Commonwealth of Massachusetts, Civil Action No. 04-2184A. Copies of the Summons and Complaint are attached hereto. No answer or other responsive pleading has been filed in this case.

2. The Defendant was served with a copy of the Summons and Complaint by Certified Mail dated November 9, 2004. The Complaint is the initial pleading setting forth the claim or relief upon which the action is based, within the meaning of 28 U.S.C. §1446(b), and this Notice is filed within thirty (30) days of delivery of the Complaint upon the Defendant.

3. Whereas Defendant Great American Insurance Company is an Ohio corporation with its principal place of business in Ohio, Plaintiff Peterborough Oil Company, Inc. is a New Hampshire corporation and Plaintiff Diane Clark is an individual residing in New Hampshire, there is diversity of citizenship. The amount in controversy exceeds $75,000. Thus, this Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1).

4. A true copy of this Notice will be filed with the clerk of the Worcester Superior Court, and sent to the adverse parties, as provided by law.

WHEREFORE, the Defendant prays that this action be removed to this Court, and that this Court accept jurisdiction of this action, and henceforth that this action be placed on the docket of this Court for further proceedings, the same as though this action had been originally commenced in this Court.

Respectfully submitted,

GREAT AMERICAN INSURANCE COMPANY

By its Attorneys,

Date: 11/24/04

Martin J. Rooney, NHBA#2193
David D. Dowd, BBO#132660
Curley & Curley, P.C.
27 School Street, Suite 600
Boston, MA 02108
(617) 523-2990/(617) 523/7602 fax

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 04-2184A

PETERBOROUGH OIL COMPANY, INC. and
DIANE CLARK,

C 04-451-JM

Plaintiff (s)

**SUMMONS**

V.

GREAT AMERICAN INSURANCE CO.

Defendant (s)

\* To the above-named Defendant: Great American Insurance Co.

You are hereby summoned and required to serve upon....Barry..A...Bachrach.
................................................................................................, plaintiff's attorney,
whose address is .Bowditch..&..Dewey..LLP.,..311..Main..St..,..P..O..Box..15156,..Worcester, MA
an answer to the complaint which is herewith served upon you, within 20 days after01615-0156
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the.....9th................
day of .............November...........................in the year of our Lord two thousand and
..2004............ .

_Francis A. Ford_
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED  TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\* NOTICE TO DEFENDANT You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

WORCESTER, ss.                                            CIVIL ACTION NO.

PETERBOROUGH OIL COMPANY, INC. and   )
DIANE CLARK,                         )
Plaintiffs,                          )
                                     )
v                                    )
                                     )
GREAT AMERICAN INSURANCE CO.         )
Defendant.                           )
                                     )

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

### PARTIES

1. Plaintiff Peterborough Oil Company, Inc., ("Peterborough") has a place of business in Leominster, Massachusetts.

2. Plaintiff Diane Clark ("Clark") is an individual residing in New Hampshire.

3. Defendant Great American Insurance Co. ("Great American") has a place of business in Massachusetts.

### FACTS

4. In 2002, Cheryl Carter brought a lawsuit against Peterborough and Clark alleging, among other things, malicious prosecution by Peterborough and Clark for actions occurring after her employment with Peterborough terminated.

5. Specifically, Carter alleged in her Complaint (the "Carter Complaint") that Peterborough and Clark wrongfully and maliciously procured the continuation of a criminal prosecution when it allegedly had become clear that probable cause did not exist. (A true and complete copy of the Complaint is attached hereto as Ex. A.)

6. The Complaint alleges that Carter never again actively worked for Peterborough after it was discovered that over $ 6,000 was missing on January 21, 1999, and that she was formally terminated on February 16, 1999. The Complaint alleges that Peterborough and Clark acted wrongfully and maliciously after that time period.

7. Peterborough promptly notified Great American of the claim and provided it with a copy of the summons and Complaint.

8. Great American denied coverage.

9. In March of 2004, Peterborough notified Great American of the approaching trial date and again demanded that Great American defend and indemnify its insured as required by the Policy.

10. Great American again failed, neglected and refused to honor its obligations under the Policy.

11. Coverage B of the Policy provides coverage for "personal injury" "caused by an offense arising out of [Peterborough's] business." (A true and complete copy of the Policy is attached hereto as Ex. B.)

12. The Policy expressly provides coverage for malicious prosecution. "Personal Injury" is defined in the Policy as "injury, other than 'bodily injury,' arising out of one or more of the following offenses: b. malicious prosecution." (emphasis added.)

13. In denying coverage, Great American primarily relies on the Employment-Related Practices Exclusion. That exclusion, in relevant part, is inapplicable by its terms:

> This insurance does not apply to:
> 1. "Personal injury" to:
>    a. a person arising out of any:
>       1. refusal to employ that person;
>       2. termination of that person's employment;
>       3. employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, decipline [sic], defamation, harassment, humiliation discrimination directed at that person; or ....
> This exclusion applies:
>    a. whether the Insured may be liable as an employer or in any other capacity; and
>    b. to any obligation to share damages with or repay someone else who must pay damages because of the injury.(emphasis added.)

14. The malicious prosecution claims asserted in this action did not arise out of any employment related act. Rather, the claims were premised on acts occurring in the context of a criminal proceeding in the Ayer District Court.

15. At trial, although it was undisputed that neither Peterborough or Clark initiated the criminal proceedings, the Court permitted Carter to proceed on its malicious prosecution claims under a continuation theory.

16. The only evidence of any action taken by any agent of Peterborough, and as argued by Carter, in an effort to procure the continuation of the criminal prosecution was Clark's alleged response to a police officer at the May 21, 1999, Probable Cause Hearing that the hearing go forward after Carter's counsel's representation to the Clerk-Magistrate that there was a video surveillance tape which allegedly contained exculpatory footage.

17. After trial, the jury returned a verdict against Peterborough on, among other grounds, malicious prosecution in the amount of $300,000, plus statutory interest.

18. Peterborough timely moved for judgment notwithstanding the verdict, a new trial, and remittitur. After hearing, the Court denied these requests, and Peterborough filed a timely appeal from the judgment. That appeal is still pending.

19. The alleged "personal injury" to Carter did not arise out of a failure to employ, a termination, or other employment related practice, policy act or omission. Rather, the alleged "personal injury" arose out of a statement made in the course of a criminal proceeding, months after the employment relationship ended.

20. Hence, the Employment-Related Practices Exclusion, which must be strictly construed, has no application in this case.

21. Moreover, to the extent there is any ambiguity in application of the exclusion, which there is not, that ambiguity must be construed against Great American.

22. On September 28, 2004, Peterborough again notified Great American of it duty to defend and indemnify Peterborough relative to the appeal and the judgment entered against Peterborough.

23. Despite Great American's clear liability and obligation to defend and indemnify Peterborough and Clark, Great American again ignored its obligations in a letter dated October 29, 2004.

## COUNT I (BREACH OF DUTY TO DEFEND)

24. Peterborough and Clark repeat and reallege the allegations of 1-23 of this Complaint as if set forth herein.

{J:\CLIENTS\ir\302602\0001\00484478.DOC;1}

25. Great American is obligated to defend Peterborough and Clark against a liability claim based on the allegations in the Carter Complaint and facts known or readily ascertainable by Great American on investigation.

26. To trigger the insurer's duty to defend, the underlying complaint need only show a possibility of coverage.

27. Great American bears the burden of proving that the facts of this case fall within the scope of the exclusionary clause. Great American cannot meet its duty.

28. Since the allegations of the Carter Complaint and the facts ascertained by Great American based on the voluminous information provided by Peterborough, Great American was required to undertake the defense of Peterborough and Clark and must undertake the defense of Peterborough on its appeal.

29. Great American has breached its duty to defend by failing and refusing to undertake its duty to defend Peterborough and Clark through trial and by failing and refusing to defend Peterborough on appeal.

30. As a result of Great American's breach, Peterborough and Clark have been damaged and Peterborough continues to be damaged, including having to incur attorney's fees in connection with this Complaint.

## COUNT II (BREACH OF DUTY TO INDEMNIFY

31. Peterborough repeats and realleges the allegations of 1-30 of this Complaint as if set forth herein.

32. Great American disputes its duty to indemnify Peterborough if the judgment in the Carter case is upheld on appeal.

33. A real dispute exists between the parties as to Great American's obligation to indemnify Peterborough for the judgment entered in the Carter case.

34. Great American is obligated to indemnify Peterborough and has breached its obligation by refusing and failing to agree to indemnify Peterborough for the judgment entered in the Carter case.

35. Peterborough therefore seeks a judgment declaring that Great American is obligated to indemnify Peterborough if the judgment in the Carter case is upheld on appeal.

## COUNT III (VIOLATIONS OF CHAPTERS 93A AND 176D)

36. Peterborough repeats and realleges the allegations of 1-35 of this Complaint as if set forth herein.

37. Peterborough and Great American are both engaged in the transaction of business within the meaning of G.L. c. 93A, § 11.

38. Great American's obligations to defend and indemnify Peterborough are clear within the meaning of G.L. c. 176D, § 3(d).

39. Great American's conduct constitutes unfair and deceptive practices within the meaning of Chapters 93A and 176D.

40. Great American willfully and knowingly violated Chapters 93A and 176D.

41. As a result of Great American's unfair and deceptive practices, Peterborough has been damaged and suffered loss.

WHEREFORE, Plaintiffs Peterborough and Clark request that this Court enter judgment as follows:

1. The amount of attorney's fees incurred by Peterborough and Clark in defending the Carter Complaint through the date of judgment.

2. A declaratory judgment that Great American must pay for Peterborough's prosecution of the appeal from the judgment entered in the Carter case.

3. A declaratory judgment that Great American must indemnify Peterborough for any judgment entered against Peterborough in the Carter case.

4. The attorney's fees incurred by Peterborough in pursuing this case.

5. Double or Treble damages for Great American's knowing and wilfull violations of Chapter 93A.

**PLAINTIFFS REQUEST A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

PETERBOROUGH OIL COMPANY, INC. and
DIANE CLARK
By their attorneys,

Barry A Bachrach (BBO # 025490)
James P. Hoban (BBO #633929)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 926-3403

DATED: November 9, 2004

{J:\CLIENTS\lit\302602\0001\00484478.DOC;1}

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

CIVIL ACTION NO.

C.04-451-JM

PETERBOROUGH OIL COMPANY, INC., et al.,

Plaintiffs

v.

GREAT AMERICAN INSURANCE COMPANY,

Defendant

## AFFIDAVIT OF FILING NOTICE OF REMOVAL IN STATE COURT

1. We are the attorneys for Defendant Great American Insurance Company in the above-styled action.

2. On November 24, 2004, I caused to be filed with the Clerk for Civil Business, Massachusetts Superior Court, Worcester County, a copy of Defendant's Notice of Removal of Civil Action from State Court.

Date: 11/24/04

Martin J. Rooney, NHBA#2193
David D. Dowd, BBO#132660
Curley & Curley, P.C.
27 School Street, Suite 600
Boston, MA  02108
(617) 523-2990/(617) 523-7602 fax

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

CIVIL ACTION NO.

C.04-451-JM

PETERBOROUGH OIL COMPANY,
INC., et al.,

    Plaintiffs

v.

GREAT AMERICAN INSURANCE
COMPANY,

    Defendant

## DEFENDANT'S CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed.R.Civ.P. 7.1 and to Local Rule 7.5(A), Defendant Great American Insurance Company, a non-governmental corporation, hereby discloses that it is a subsidiary of American Financial Group, which owns 10% or more of its stock.

    GREAT AMERICAN INSURANCE
    COMPANY

    By its Attorneys,

Date: 11/24/04

Martin J. Rooney NHBA#2193
David D. Dowd BBO#132660
Curley & Curley, P.C.
27 School Street, Suite 600
Boston, MA  02108
(617) 523-2990/(617) 523/7602 fax

## Certificate of Service

I, David D. Dowd, hereby certify that I served a true and correct copy of the foregoing pleading by mailing a copy postage prepaid to the following counsel of record:

Barry A. Bachrach, Esquire
Bowditch & Dewey LLP
311 Main Street
P.O. Box 15156
Worcester, MA   01615-0156

Date: _Nov. 24, 2004_

David D. Dowd

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Peterborough Oil Company, Inc., et al

v.                                         Civil No. 1:04-cv-451-JM

Great American Insurance Company

ORDER RE VISITING ATTORNEY

Rule 83.2(b) of the Local Rules of the United States District Court for the District of New Hampshire states that a visiting attorney may, at the discretion of the court, on motion by a member of our bar, be permitted to practice before this court in a particular action. Any attorney so admitted shall at all times be associated with a member of the bar of this court. *See* Rule 83.2(b)(1) and (2) for filing and fee requirements.

Our records indicate that no motion for pro hac vice admission of Barry A. Bachrach, Esq. has been received. Unless said motion is filed within twenty (20) days, the case may be referred to a judicial officer for appropriate action.

By the Court,

November 29, 2004

_____
Janice E. Boucher
Deputy Clerk


cc:   Barry A. Bachrach, Esq.
      Martin J. Rooney, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED
Dec 1 11 33 AM '04

CIVIL ACTION NO. C04-451-JM

PETERBOROUGH OIL COMPANY,
INC., et al.,
    Plaintiffs

v.

GREAT AMERICAN INSURANCE
COMPANY,
    Defendant

*Asserted to*

**MOTION TO TRANSFER TO U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF MASSACHUSETTS OR, IN THE ALTERNATIVE, TO REMAND (Assented To)**

Now comes the Defendant and removing party, Great American Insurance Company, and moves pursuant to 28 U.S.C. §1447 (C) for transfer of this case to the U.S. District Court for the Central District of Massachusetts or, in the alternative, for remand of this case to Worcester Superior Court in Worcester County, Massachusetts. As grounds therefor, Defendant states that removal to this Court rather than to U.S. District Court for the Central District of Massachusetts, as required by 28 U.S.C. §1441 (a), was inadvertent mistake.

Respectfully submitted,
GREAT AMERICAN INSURANCE
COMPANY
By its Attorneys,

Date: Nov. 30, 2004

_____
Martin J. Rooney, NHBA#2193
David D. Dowd, BBO#132660
    Curley & Curley, P.C.
27 School Street, Suite 600
Boston, MA 02108
(617) 523-2990/(617) 523/7602 fax

Assented to:

_____
Barry A. Bachrach, Esquire
Attorney for Plaintiffs

## Certificate of Service

I, David D. Dowd, hereby certify that I served a true and correct copy of the foregoing pleading by first class mail, postage prepaid, to:

Barry A. Bachrach, Esquire
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA  01615

Date: Nov 30, 2004

David D. Dowd

# Orders on Motions

1:04-cv-00451-JM Peterborough Oil Company, Inc. et al

## U.S. District Court

### District of New Hampshire

Notice of Electronic Filing

**PLEASE NOTE:** Attorneys who have registered for Electronic Case Filing (ECF) will receive an e-mail copy of these Notices in their cases when any case activity occurs, regardless of whether the case is designated for ECF or not. Unless your case is designated for Electronic Case Filing, all hyperlinked orders are for informational purposes only and the official record is the signed paper version of the document on file in the clerk's office.

The following transaction was received from jgb, entered on 12/2/2004 at 4:52 PM EST and filed on 12/2/2004

**Case Name:**     Peterborough Oil Company, Inc. et al
**Case Number:**   1:04-cv-451
**Filer:**
**Document Number:**

Docket Text:
**ENDORSED ORDER granting in part and denying in part [5] Motion to Transfer or Remand to State Court..** *Text of Order: Granted. Transfer to US District Court for the Central District of Massachusetts.* **Signed by Judge James R. Muirhead.(jgb, )**


**1:04-cv-451 Notice will be electronically mailed to:**

**1:04-cv-451 Notice will be delivered by other means to:**

**Barry A. Bachrach**
**Bowditch & Dewey LLP (MA)**
**311 Main St**
**PO Box 15156**
**Worcester, MA 01615-5156**

**Martin J. Rooney**
**Curley & Curley PC**
**27 School Street**
**Boston, MA 02108**

The following document(s) are associated with this transaction:

**04-40252**  ECF, CLOSED

# U.S. District Court
## District of New Hampshire (Concord)
### CIVIL DOCKET FOR CASE #: 1:04-cv-00451-JM
### Internal Use Only

| | |
|---|---|
| Peterborough Oil Company, Inc. et al v. Great American Insurance Company | Date Filed: 11/26/2004 |
| Assigned to: Magistrate Judge James R. Muirhead | Jury Demand: Plaintiff |
| Case in other court: Worcester Superior Court of Commonwealth of MA, 04-02184A | Nature of Suit: 110 Insurance |
| Cause: 28:1441 Petition for Removal- Insurance Contract | Jurisdiction: Diversity |

**Plaintiff**
-----------------------

**Peterborough Oil Company, Inc.**   represented by   **Barry A. Bachrach**
Bowditch & Dewey LLP (MA)
311 Main St
PO Box 15156
Worcester, MA 01615-5156
508 926-3403
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Diane Clark**   represented by   **Barry A. Bachrach**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
-----------------------

**Great American Insurance Company**   represented by   **Martin J. Rooney**
Curley & Curley PC
27 School Street
Boston, MA 02108
617 523-2990
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

CERTIFIED TO BE A TRUE COPY
JAMES R. STARR, CLERK
BY: [signature]
DEPUTY CLERK 12/8/04

| Date Filed | # | Docket Text |
|---|---|---|
| 11/26/2004 | 1 | NOTICE OF REMOVAL with Jury Demand from Worcester Superior Court for the Commonwealth of MA, case number 04-2184A. ( Filing fee $ 150, receipt number 026416) filed by Great American Insurance Company. Answer due by 12/16/2004. State Court Record due by 12/10/2004. (Attachments:, # 1 State Court Documents, # 2 Exhibit (Affidavit) of Martin J. Rooney, Esq.)(jeb, ) (Entered: 11/29/2004) |
| 11/26/2004 | 2 | Disclosure Statement by Great American Insurance Company disclosing parent companies, and no merger agreement.(jeb, ) (Entered: 11/29/2004) |
| 11/29/2004 | 3 | NOTICE of Assignment to U.S. Magistrate Judge James R. Muirhead sent to all parties.(jeb, ) (Entered: 11/29/2004) |
| 11/29/2004 |  | NOTICE sent. This case has been designated for Electronic Case Filing. All further submissions shall be filed in compliance with the Administrative Procedures for Electronic Case Filing. Martin J. Rooney, Esq. and Barry A. Bachrach, Esq. must register within 30 days. Notice of Compliance Deadline set for 12/29/2004.(jeb, ) (Entered: 11/29/2004) |
| 11/29/2004 | 4 | **ORDER REGARDING VISITING ATTORNEY: A motion for pro hac vice for admission of Barry A. Bachrach, Esq. must be received or the case may be sent to a judicial officer for further action. Signed by Deputy Clerk Janice E. Boucher. Notice of Compliance Deadline set for 12/20/2004. (jeb, )** (Entered: 11/29/2004) |
| 12/01/2004 | 5 | Assented to MOTION to Transfer to US District Court for the Central District of MA or in the Alternative to Remand to State Court filed by Great American Insurance Company . (jgb, ) Additional attachment(s) added on 12/1/2004 (jgb, ). Modified on 12/1/2004 to attach document(jgb, ). (Entered: 12/01/2004) |
| 12/01/2004 |  | ***Motions Submitted: 5 Assented to MOTION to Remand to State Court (jgb, ) (Entered: 12/01/2004) |
| 12/02/2004 |  | **ENDORSED ORDER granting in part and denying in part 5 Motion to Transfer or Remand to State Court..** *Text of Order: Granted. Transfer to US District Court for the Central District of Massachusetts.* **Signed by Judge James R. Muirhead.**(jgb, ) (Entered: 12/02/2004) |

| | | |
|---|---|---|
| 12/02/2004 | | ***Civil Case Terminated. Case transferred to US District Court for the Central District of Massachusetts. (jgb, ) (Entered: 12/02/2004) |
| 12/02/2004 | ◐ | Interdistrict Transfer Out to District of Central District of Massachustts. (jgb, ) (Entered: 12/02/2004) |