UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:04-CV-40252-FDS



| | |
|---|---|
| PETERBOROUGH OIL COMPANY, INC., et al., | |
| Plaintiffs | |
| v. | |
| GREAT AMERICAN INSURANCE COMPANY, | |
| Defendant | |

## DEFENDANT'S ANSWER

1. Defendant is without sufficient information to admit or deny the allegations of ¶¶1-2

2. Defendant denies the allegations of ¶3.

3. In response to ¶¶4-6, Defendant admits the lawsuit but states that the complaint speaks for itself.

4. Defendant admits the allegations of ¶¶7-10, except that the insurer was, in fact, Great American Insurance Company of New York.

5. In response to ¶¶11-12, Defendant admits the policy, which speaks for itself.

6. In response to ¶13, Defendant admits that the policy had an employment-related practices exclusion and that Defendant's disclaimers relied thereon in part, but Defendant states that the endorsement and correspondence speak for themselves.

7. Defendant denies the allegations of ¶¶14-16.

8. Defendant admits the allegations of ¶¶17-18.

9. Defendant denies the allegations of ¶¶19-21.

10. In response to ¶22, Defendant admits correspondence of that date to Great American Insurance Group, which correspondence speaks for itself.

11. Defendant denies the allegations of ¶23, except it admits correspondence of that date, which speaks for itself.

12. In response to ¶24, Defendant repeats and incorporates by reference the foregoing response.

13. Defendant denies the allegations of ¶¶25-30.

14. In response to ¶31, Defendant repeats and incorporates by reference the foregoing responses.

15. Defendant admits the allegations of ¶¶32-33.

16. Defendant denies the allegations of ¶34.

17. Paragraph 35 is a prayer for relief and requires no response.

18. In response to ¶36, Defendant repeats and incorporates by reference the foregoing responses.

19. Defendant admits the allegations of ¶37.

20. Defendant denies the allegations of ¶¶38-41.

**First Defense**

Defendant says that the complaint fails to state a cause of action upon which relief can be granted.

**Second Defense**

Defendant says the "Great American Insurance Company" is not the insurer which issued the policy, but is a misnomer in these circumstances.

**Third Defense**

Defendant says that this Court lacks jurisdiction over the parties in this case.

**Fourth Defense**

Defendant says that the District of Massachusetts is not the proper venue for this diversity action.

**Fifth Defense**

Defendant says that this action fails for lack of consideration.

**Sixth Defense**

Defendant says that there is no private right of action under M.G.L. c. 176D §3(9).

**Seventh Defense**

Defendant says that c. 93A claim is barred by lack or deficiency of a proper demand letter on behalf of plaintiff Clark.

**Eighth Defense**

Defendant says that c. 93A §11 action is barred because the actions and transactions constituting the alleged unfair or deceptive act or practice did not occur primarily and substantially within this Commonwealth.

**Ninth Defense**

Defendant says that plaintiffs' counsel has a conflict of interest by virtue of representation of Defendant's insureds in other proceedings.

By its Attorneys,

Date: Dec. 28, 2004

David D. Dowd BBO#132660
Curley & Curley, P.C.
27 School Street, Suite 600
Boston, MA  02108
(617) 523-2990/(617) 523/7602 fax

## Certificate of Service

I, David D. Dowd, hereby certify that I served a true and correct copy of the foregoing pleading by mailing a copy postage prepaid to the following counsel of record:

Barry A. Bachrach, Esquire
Bowditch & Dewey LLP
311 Main Street
P.O. Box 15156
Worcester, MA  01615-0156

Date: Dec. 29, 2004

David D. Dowd