UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-40252-FDS

PETERBOROUGH OIL COMPANY, INC. and          )
DIANE CLARK,                                )
Plaintiffs,                                 )
                                            )
v.                                          )
                                            )
GREAT AMERICAN INSURANCE CO.                )
Defendant.                                  )
                                            )

**PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

1.    In 2002, Cheryl Carter brought a lawsuit against Peterborough and Clark (hereafter both will be referred to as "Peterborough"), alleging malicious prosecution and intentional infliction of emotional distress arising out of the Middlesex County District Attorney's Office unsuccessful prosecution of Carter for Larceny over $250 in violation of G.L. c. 266,§ 30. (Ex. A to Bachrach Aff. at ¶¶ 22-37,42.)

2.    The Complaint alleges that Carter never worked for Peterborough after it was discovered that over $6,000 was missing on January 21, 1999, and that her employment was formally terminated on February 16, 1999. (Ex. A to Bachrach Aff. at ¶¶ 11,15.)

3.    Peterborough's alleged wrongful actions occurred months after her employment with Peterborough terminated. Carter alleged that Peterborough wrongfully and maliciously procured the continuation of a criminal prosecution against her when it had allegedly become clear that probable cause did not exist. (Ex. A to Bachrach Aff. at ¶¶ 22-37.)

4.    Specifically, Carter based the malicious prosecution claim, both in her complaint and in her trial testimony, on Peterborough's alleged statement to a police officer at a probable cause hearing <u>on May 21, 1999</u>, several months after her employment was terminated, to proceed with the hearing, after Carter's counsel represented that there was a video surveillance tape which allegedly contained exculpatory evidence.

5.    Peterborough promptly notified Great American of Carter's suit, provided it with a copy of the summons and complaint, and demanded that Great American fulfill it defense and indemnity obligations and Great American denied coverage. (Ex. B to Bachrach Aff.)

7.    In March of 2004, Peterborough notified Great American of the approaching trial date and again demanded that Great American fulfill its defense and indemnity obligations as required by the policy. (Ex. C to Bachrach Aff.)

8.    Great American again disclaimed coverage under the policy. (Ex. B to Bachrach Aff.)

9.    In the face of Great American's denial is the undisputed fact that <u>the policy expressly provides liability coverage for malicious prosecution</u>. Coverage B of the Policy provides coverage for "personal injury" "caused by an offense arising out of [Peterborough's] business." (Ex. D to Bachrach Aff. at 5.)

10.    As relevant here, "Personal Injury" is defined in the Policy as "injury, other than 'bodily injury,' arising out of one or more of the following offenses: … <u>b. malicious prosecution</u>." (Ex. D to Bachrach Aff. at 5.) (emphasis added.)

11.    In denying coverage, Great American essentially relies on the "Employment-Related Practices Exclusion," which provides, in relevant part (Ex. D to Bachrach Aff. at 5):

This insurance does not apply to:
1.  "Personal injury" to:

     a. a person arising out of any:
        1. refusal to employ that person;
        2. termination of that person's employment;
        3. employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation discrimination directed at that person; or ....

12.    Both as alleged in the Complaint and based on the trial testimony, this exclusion does not apply. As alleged in paragraph 23 of her Complaint and at trial, the evidence established that Carter's claims were not based on <u>any</u> refusal to employ, termination of employment or employment-related practice.

13.    Rather, Carter's claims were based on Peterborough's alleged statement to a police officer at a probable cause hearing <u>on May 21, 1999,</u> to proceed with the hearing, after Carter's counsel represented that there was a video surveillance tape which allegedly contained exculpatory evidence, more than three months <u>after</u> her termination. This was the key evidence upon which Carter relied in arguing that Peterborough maliciously prosecuted her. Indeed, in Carter's oppositions to Peterborough's post-trial motions, Carter asserted (Ex E to Bachrach Aff.):

> [T]here was ample evidence that Peterborough took an active part in continuing or procuring the continuation of criminal proceedings against Carter. ***The primary evidence*** was that at the second probable cause hearing, when officer Bolonis and Clark were informed of a surveillance tape that showed someone other than Carter playing scratch tickets without paying for them, Officer Bolonis asked Carter what Peterborough wanted to do. Rather than review the tape, Clark said that Peterborough wanted to prosecute. And therefore, without ever seeing the surveillance tape, the Clerk-Magistrate issued the criminal complaint against Carter. (*emphasis added*)

15.    After trial, the jury returned a verdict against Peterborough on, among other grounds, malicious prosecution in the amount of $300,000. (Ex. F to Bachrach Aff.) Peterborough timely appealed.

16.    On September 28, 2004, Peterborough again notified Great American of its duty to defend and indemnify Peterborough relative to the appeal and the judgment entered against Peterborough. (Ex. G to Bachrach Aff.)

17.    Great American again disclaimed coverage in a letter dated October 29, 2004. (Ex. H to Bachrach Aff.)

PETERBOROUGH OIL COMPANY, INC.
and DIANE CLARK
By their attorneys,

_____
Barry A. Bachrach (BBO #025490)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511

Date:  February 23 , 2005

CERTIFICATE OF SERVICE

I, Barry A. Bachrach, hereby certify that I have served a copy of the foregoing this 25 day of February, 2005 by mailing a copy of same, postage prepaid to:

David D. Dowd, Esquire
Curley & Curley, P.C.
27 School Street, Suite 600
Boston, MA 02108

_____
Barry A. Bachrach