UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:04-CV-40252-FDS

PETERBOROUGH OIL COMPANY,
INC., et al.,

    Plaintiffs

v.

GREAT AMERICAN INSURANCE
COMPANY,

    Defendant

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
STATEMENT OF UNDISPUTED MATERIAL FACTS
AND IN SUPPORT OF DEFENDANT'S CROSS-MOTION**

Generally, Defendant, Great American Insurance Company ("GAIC"), admits the genuineness of the Carter Complaint and the policy, which speak for themselves and which provide sufficient foundation for summary judgment in favor of GAIC.

More particularly, GAIC responds to Peterborough's itemized statements as follows:

1. The lawsuit and claims therein are admitted, but GAIC disputes that the claims "arose out of" the unsuccessful prosecution. While Plaintiff's success in the criminal case is a requisite element for malicious prosecution recovery, the malicious prosecution and infliction of discovery claims arose from other acts and events, which were set forth in the Carter Complaint (Exhibit A).

- 2 -

2.  The Complaint (¶11), in fact, alleged that Carter "never <u>actively</u> worked" for Peterborough after January 21, 1999. Otherwise, Statement 2 is an accurate recitation of the allegations.

3.  Statement 3 is disputed. The Complaint includes multiple allegations of relevant Peterborough activity, e.g., investigation, report of cash shortfall to police, statement to police of believed guilt of Carter, suspension of Carter [¶¶9-10], before termination of her employment on February 16, 1999. Moreover, there is no specific allegation in ¶¶22-37 of such "wrongful and malicious" conduct by Peterborough. Furthermore, the claim was premised not just upon alleged <u>continuation</u> of criminal proceedings, but <u>initiation</u> of such proceedings, too (¶36).

4.  Statement 4 is disputed. No transcript of the alleged trial testimony has been proffered. Also, the malicious prosecution claim was premised upon other conduct, too (e.g., ¶¶9, 36).

5.  In response to Statement 5, GAIC admits timely tender and denial of coverage, but notes that there is no documentary evidence thereof in Plaintiff's Exhibit B, as claimed.

6.  GAIC admits Statements 7 and 8. [There is no Statement 6.]

7.  GAIC disputes Statement 9. The policy defines "personal injury" to include "malicious prosecution," but the policy does not "expressly provide liability coverage for malicious prosecution," as asserted. Rather, the insuring agreement covers "damages because of 'personal injury' ... to which this insurance applies." The policy does not "apply" to "'personal injury' arising out of employment-related acts." (Policy, Exhibit D, pp. 56, 83)

8. Statement 10 is admitted.

9. Statement 11 is admitted, except that (1) the quotation of the exclusionary endorsement is incomplete insofar as it does not cite the language that the exclusion applies "whether the insured may be liable as an employer or in any other capacity:"; and (2) GAIC also relies upon the Coverage A insuring agreement and policy definitions of "bodily injury" and "occurrence" as defense to coverage for the Carter emotional distress claims against Plaintiff. (Exhibit D, Policy, pp. 52, 63, 65, 83; Exhibit H)

10. Statement 12 is disputed. The trial transcript has not been offered. The applicability of the employment-related practices exclusion to the Complaint is a question of law for the Court, not a factual matter.

11. Statement 13 is disputed. The quote from Carter's counsel's post-trial brief, the copy of which produced as an exhibit by Peterborough is obviously incomplete, did not emphasize "the primary evidence," as cited by Peterborough. (Exhibit E, p. 9) Also, this pleading is inadmissible hearsay and violative of the best evidence rule. Further, GAIC disputes that the award against Peterborough was predicated upon the May 21, 1999 hearing, because Clark was the Peterborough actor at that proceeding. She was exonerated by the jury. (Exhibit F, Judgment or Jury Verdict) Thus, either (1) the claim and verdict against Peterborough were premised upon _other_ activity or, (2) the verdict against Peterborough was premised upon the May 21, 1999 activity and was fatally inconsistent with the exoneration of Clark.

12. Statements 15-17 [there is no Statement 14] are admitted, except that letter dated October 29, 2004 (Exhibit H) is missing page two thereof.

GREAT AMERICAN INSURANCE COMPANY

By its Attorneys,

Date: March 17, 2005

_____
David D. Dowd, BBO#132660
Curley & Curley, P.C.
27 School Street, Suite 600
Boston, MA 02108
(617) 523-2990/(617) 523/7602 fax

### Certificate of Service

I, David D. Dowd, hereby certify that I served a true and correct copy of the foregoing pleading by mailing a copy postage prepaid to the following counsel of record:

Barry A. Bachrach, Esquire
Bowditch & Dewey LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156

Date: March 17, 2005

_____
David D. Dowd