UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (Central Division)

CIVIL ACTION NO. 4:04-CV-40252-FDS

PETERBOROUGH OIL COMPANY,
INC., et al.,

    Plaintiffs

v.

GREAT AMERICAN INSURANCE
COMPANY,

    Defendant

**DEFENDANT GREAT AMERICAN INSURANCE COMPANY'S
MOTION FOR CLARIFICATION AND
PARTIAL AMENDMENT OF THE COURT'S
ORDER FOR JUDGMENT IN FAVOR OF PLAINTIFF**

On pages 20-21 of the Court's Memorandum, the Court determined that Great American cannot allocate between covered and uncovered claims and, therefore, is liable to Peterborough for the entire amount of the judgment. Accordingly, the Court ordered entry of judgment in favor of Plaintiff Peterborough Oil Company, Inc. as to Count II, Breach of Duty to Indemnify.

That count sought "a judgment declaring that Great American is obligated to indemnify Peterborough <u>if</u> the judgment in the Carter case is <u>upheld on appeal</u>." (Complaint, ¶35, emphasis added). That case is, indeed, pending on appeal. (Appeals Court No. 2005-P-1018).

Great American argued to this Court that the Carter claim against Peterborough for emotional distress is not covered by the Great American policy for a number of reasons. (Brief in Support of Defendant's Cross-Motion for Summary Judgment, pp. 3-4). This Court acknowledged that it is undisputed that the claim for intentional infliction of distress is not covered. (Judge Saylor Memorandum, pp. 21-22).

If the Carter judgment against Peterborough is upheld on appeal, Judge Saylor's order of indemnity applies. However, if that judgment is not upheld on appeal, it is premature. For example, if the case is reversed and remanded for trial, which would be defended by Great American per the Court's order, the damages could and indeed must be allocated between the two claims on the jury's verdict slip. Alternatively, appeal might dictate reversal and judgment in favor of Peterborough Oil as to the malicious prosecution claim, but not the distress claim, which would have to be remanded for trial as to damages (because of the unallocated verdict on appeal). In either eventuality, Great American should not be liable for indemnity of a separate judgment or allocated award for uncovered emotional distress. Thus, the Court's order of indemnity is premature and overly broad in this respect.

Moreover, entry of judgment as to Count I, Breach of Duty to Defend, is premature until assessment of the requested legal expense. Great American has requested the invoices and the parties will attempt to reach agreement as to the proper figures, but assessment or agreement as to said damages is necessary for entry of judgment. Consequently, the Court's entry of judgment at this time should be as to liability only.

Wherefore, Great American respectfully moves for clarification of the Court's order as follows:

- 3 -

IT IS ORDERED AND ADJUDGED: in accordance with the Court's Memorandum and Order entered on September 14, 2005, that judgment be entered in favor of the plaintiffs as to liability on Count I and, if the award to Carter is upheld on appeal, Count II but if reversed in whole or in part on appeal, as to separate judgment or allocated award, if any, for malicious prosecution; and in favor of Defendant as to Count III.

Respectfully submitted,

Date: *Sep 22, 2005*

*/s/ David D. Dowd*
David D. Dowd BBO#132660
Curley & Curley, P.C.
27 School Street, Suite 600
Boston, MA  02108
(617) 523-2990/(617) 523/7602 fax

### Certificate of Service

I, David D. Dowd, hereby certify that I served a true and correct copy of the foregoing pleading by mailing a copy postage prepaid to the following counsel of record:

Barry A. Bachrach, Esquire
Bowditch & Dewey LLP
311 Main Street
P.O. Box 15156
Worcester, MA  01615-0156

Date: *Sep 22, 2005*

*/s/ David D. Dowd*
David D. Dowd